# DISTRICT COURT OF THE VIRGIN ISLANDS

# DIVISION OF ST. CROIX

| | |
|---|---|
| MAUREEN BURKE-VENTURA, | |
| Plaintiff, | 2006-CV-0141 |
| v. | |
| VITELCO, INNOVATIVE COMMUNICATION CORPORATION, and DAVID SHARP, | |
| Defendants. | |

TO: Lee J. Rohn, Esq.
    Kevin A. Rames, Esq.

## ORDER

THIS MATTER came before the Court for hearing on June 17, 2008, upon Defendants Innovative Telephone f/k/a VITELCO and David Sharp's Amended Motion to Amend Answer (Docket No. 37), Plaintiff's Renewed Motion to Strike Motion to Amend Answer and the Amended Answer (Docket No. 38), Plaintiff's Motion to Compel Defendant David Sharp to Provide Rule 26 Disclosures (Docket No. 42), Plaintiff's Motion to Compel Defendant VITELCO to Provide Rule 26 Disclosures (Docket No. 45), and Plaintiff's Motion to Compel Defendant David Sharp to Provide Responses to Discovery (Docket No. 48).

*Burke-Ventura v. VITELCO*
2006-CV-0141
Order
Page 2

Having reviewed the written submissions of the parties and heard the arguments of the counsel, the Court finds that said Defendants' Amended Motion to Amend Answer should be granted and, consequently, that Plaintiff' motion to strike should be denied. In addition, because the record reflects that said Defendants have filed notices of service of the discovery at issue, the Court finds that Plaintiff's motions to compel are moot.

## DISCUSSION

As the Amended Motion to Amend Answer clearly states that it is brought by Defendants VITELCO and David Sharp, without mention of severed Defendant Innovative Communication Corporation, the stated basis of Plaintiff's motion to strike is without any support.

Rule 15(a) of the Federal Rules of Civil Procedure allows a party to amend its pleading and directs the Court to grant such leave "when justice so requires." As the United States Supreme Court has declared:

> In the absence of any apparent or declared reason--such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failures to cure deficiencies by amendments previously allowed, undue prejudice to the other party by virtue of allowance of the amendment, futility of amendment, etc.--the leave sought should, as the rules require, be "freely given."

*Foman v. Davis*, 371 U.S. 178, 182 (1962). In this jurisdiction, this

> liberal amendment philosophy limits the district court's discretion to deny leave to amend. *See Adams*, 739 F.2d at 864. The district court may only deny

*Burke-Ventura v. VITELCO*
2006-CV-0141
Order
Page 3

> leave to amend (A) "if a plaintiff's delay in seeking amendment is undue, motivated by bad faith, or prejudicial" to the defendant or (B) if the amendment would be futile (i.e., the amendment fails to state a cause of action).

*Avatar Business Connection, Inc. v. Uni-Marts, Inc.*, Civil Action No. 04-1866, 2006 WL 1843136 at *2 (D.N.J. June 30, 2006) (citing *Adams v. Gould, Inc.*, 739 F.2d 858, 864 (3d Cir. 1984) and *Massarky v. General Motors Corp.*, 706 F.2d 111, 125 (3d Cir. 1983)).

At hearing, counsel for Plaintiff also argued that the proposed amendments are futile. Based upon the attachments to said motion, the Court concludes that the only proposed amendment is the addition of the Seventh Affirmative Defense. Futility of amendment is measured by whether or not the proposed amendment would survive a motion to dismiss. *Massarky v. General Motors Corp.*, 706 F.2d 111, 125 (3d Cir. 1983). In determining whether the complaint would survive a motion to dismiss, the Court must assume the truth of all of the allegations made by the party opposing the motion and must construe the complaint in the light most favorable to the party opposing the motion. *ALA, Inc. v. CCAIR, Inc.*, 29 F.3d 855, 859 (3d Cir. 1994); *Jordan v. Fox Rothschil, O'Brien & Frankel*, 20 F.3d 1250, 1261 (3d Cir. 1994). Similarly, when a party seeks to amend its answer to add an affirmative defense,

> [l]eave to amend an Answer should be denied if the proposed defenses are legally insufficient. As one Court has properly observed, "[i]f the amended defenses are legally insufficient so as to invite a motion to strike under Rule

>12(f) * * * it would serve no purpose to allow the amendment over the plaintiff's objections." *Schaghticoke Tribe of Indians v. Kent School Corp.*, 423 F. Supp. 780, 783 (D. Conn. 1976); *see also, Federal Deposit Ins. Corp. v. Coble*, 720 F. Supp. 748, 750 (E.D. Mo. 1989) (noting that standards for granting motion to strike and motion for leave to amend "collapse into an inquiry as to the legal sufficiency of the proposed amendment"); 3 J. Moore, Federal Practice ¶ 15.08[4], at 15-81 ("If a proposed amendment is objected to on the ground of legal insufficiency, the court should apply the same test that is uses when the legal sufficiency of a pleading is challenged under Rule 12(b)(6) or (f)."); *cf., Humphreys v. Roche Biomedical Laboratories, Inc.*, 990 F.2d 1078, 1082 (8th Cir. 1993) (standard applied in futility analysis is the same as that invoked in a Motion to Dismiss).

*Medical Graphics Corp. V. Harford Ins. Co.*, 171 F.R.D. 254, 257 (D. Minn. 1997). Applying this standard, the Court finds that the seventh affirmative defense as proposed by said Defendants asserts a viable, that is, a legally sufficient, affirmative defense. Consequently, the Court will grant said Defendants' amended motion to amend and deny Plaintiff's renewed motion to strike.

With respect to Plaintiff's Motion to Compel Defendant VITELCO to Provide Rule 26 Disclosures and Motion to Compel Defendant David Sharp to Provide Responses to Discovery, counsel for said Defendants represented that such discovery had been served upon counsel for Plaintiff and the record reflects that said Defendants have filed such notices with the Court. Consequently, the Court finds those motions to be moot.

With respect to Plaintiff's Motion to Compel Defendant David Sharp to Provide Rule 26 Disclosures, at hearing, counsel for said Defendant represented that he had

*Burke-Ventura v. VITELCO*
2006-CV-0141
Order
Page 5

inadvertently overlooked filing such discovery and that he would be able to serve such disclosures within a very short time. The record now reflects that said Defendant has filed notice of serving such disclosures. Thus, the Court also finds, at this time, this motion to be moot.

Accordingly, it is now hereby **ORDERED**:

1. Defendants Innovative Telephone f/k/a VITELCO and David Sharp's Amended Motion to Amend Answer (Docket No. 37) is **GRANTED**.

2. Said Defendants' First Amended Answer, filed as attachment #2 (and misidentified as First Amended Complaint in the docket entry text) to said motion, is **DEEMED FILED** as of the date of entry of this order.

3. Plaintiff's Renewed Motion to Strike Motion to Amend Answer and the Amended Answer (Docket No. 38) is **DENIED**.

4. Plaintiff's Motion to Compel Defendant David Sharp to Provide Rule 26 Disclosures (Docket No. 42) is **DENIED AS MOOT**.

5. Plaintiff's Motion to Compel Defendant VITELCO to Provide Rule 26 Disclosures (Docket No. 45) is **DENIED AS MOOT**.

6. Plaintiff's Motion to Compel Defendant David Sharp to Provide Responses to Discovery (Docket No. 48) is **DENIED AS MOOT**.

*Burke-Ventura v. VITELCO*
2006-CV-0141
Order
Page 6

                                                ENTER:

Dated: June 20, 2008                                        /s/
                                                        GEORGE W. CANNON, JR.
                                                        U.S. MAGISTRATE JUDGE