**FOR PUBLICATION**

IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. CROIX

|  |  |
|---|---|
| MAUREEN BURKE-VENTURA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil No. 2006-141 |
| ) | |
| VITELCO, INNOVATIVE COMMUNICATION ) | |
| CORPORATION, and DAVID SHARP, ) | |
| ) | |
| Defendants. ) | |

**ATTORNEYS:**

**Lee J. Rohn, Esq.**
**Anna Washburn, Esq.**
St. Croix, U.S.V.I.
    *For the plaintiff.*

**Kevin A. Rames, Esq.**
St. Croix, U.S.V.I.
    *For the defendants.*

<u>MEMORANDUM OPINION</u>

**GÓMEZ, C.J.**

Before the Court is the motion of the defendants, Virgin Islands Telephone Corporation ("Vitelco") and David Sharp,[1] (together, the "Defendants"), to dismiss the complaint[2] in this

---

[1] By order dated August 28, 2007, the Court stayed this matter with respect to Innovative Communication Corporation ("ICC").

[2] All references to the complaint, unless other indicated, mean the first amended complaint.

*Burke-Ventura v. Vitelco, et al.*
Civil No. 2006-141
Memorandum Opinion
Page 2

matter.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Maureen Burke-Ventura lives in St. Croix, U.S. Virgin Islands.[3]  Vitelco and ICC are Virgin Islands corporations.  At all times relevant, Sharp was an employee of both defendants.  He became president of Vitelco and ICC in February 2003.

From 1999 until 2006, Burke-Ventura worked for the Defendants, first as Director of Facilities Management.  During her employment, Burke-Ventura, a black woman, learned that Sharp was critical of her work and refused to communicate with her directly because of her race and gender.  In April 2005, Burke-Ventura was demoted to Facilities Manager and was informed that her salary had been capped.  She also received poor performance reviews at various times.

On June 19, 2006, Burke-Ventura was summoned to a meeting to be held two days later.  On June 21, 2006, the Defendants informed her that she was being discharged due to a reorganization plan.  Burke-Ventura thereafter filed a charge with the United States Equal Employment Opportunity Commission

---

[3]   Because the Defendants' motion is brought pursuant to Federal Rule of Civil Procedure 12(b)(6), all allegations in the complaint are taken as true. *See McGovern v. City of Philadelphia*, 554 F.3d 114, 115 (3d Cir. 2009); *U.S. Express Lines Ltd. v. Higgins*, 281 F.3d 383, 388 (3d Cir. 2002).

*Burke-Ventura v. Vitelco, et al.*
Civil No. 2006-141
Memorandum Opinion
Page 3

("EEOC") and the Virgin Islands Civil Rights Commission.

Burke-Ventura brought this lawsuit in November 2006. She asserts the following six causes of action: (1) a violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*; (2) a violation of the Virgin Islands Civil Rights Act[4]; (3) wrongful discharge; (4) a breach of the duty of good faith and fair dealing; (5) intentional infliction of emotional distress; and (6) a claim for punitive damages.

The Defendants move to dismiss Burke-Ventura's complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). Although framed as a motion to dismiss the complaint, it is clear that the Defendants challenge only Count One's Title VII claim. Burke-Ventura opposes the motion.[5]

---

[4] The complaint does not refer to any statutory provision.

[5] The Defendants filed their motion on May 4, 2009. Burke-Ventura's opposition, if any, was due no later than May 26, 2009. *See* LRCi 12.1(b); Fed. R. Civ. P. 6(a)(3). Burke-Ventura did not file her opposition by that date. Instead, she filed her opposition on May 27, 2009. She neither asked for nor received permission to file out of time. Given this circumstance, the Court admonishes Burke-Ventura, as it does all litigants, to hew strictly to the time limits imposed by the rules of procedure. *See Sheets v. Schlear*, 132 F.R.D. 391, 394 (D.N.J. 1990) ("All litigants who wish to bring their cases in federal court must know and abide by both the Federal and Local Rules of Civil Procedure.").

*Burke-Ventura v. Vitelco, et al.*
Civil No. 2006-141
Memorandum Opinion
Page 4

## II. DISCUSSION

"[W]hen ruling on a defendant's motion to dismiss, a judge must accept as true all of the factual allegations contained in the complaint." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (per curiam) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  All reasonable inferences are drawn in favor of the non-moving party. *Alston v. Parker*, 363 F.3d 229, 233 (3d Cir. 2004).  A court must ask whether the complaint "contain[s] either direct or inferential allegations respecting all the material elements necessary to sustain recovery under *some* viable legal theory." *Bell Atlantic Corp.*, 550 U.S. at 562 (emphasis in original) (quoting *Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1106 (7th Cir. 1984)).  "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do." *Id.* at 555 (internal citations omitted).  Thus, "[t]o survive a motion to dismiss, a . . . plaintiff must allege facts that 'raise a right to relief above the speculative level on the assumption that the allegations in the complaint are true (even if doubtful in fact).'" *Victaulic Co. v. Tieman*, 499 F.3d 227, 234 (3d Cir. 2007) (quoting *Bell Atlantic Corp.*, 550

*Burke-Ventura v. Vitelco, et al.*
Civil No. 2006-141
Memorandum Opinion
Page 5

U.S. at 555).

### III. ANALYSIS

The Defendants maintain that dismissal of Count One's Title VII claim is warranted because Burke-Ventura does not allege that she has received a right-to-sue letter from the EEOC. They argue that the absence of such an allegation is fatal to such a claim.

Title VII requires a plaintiff to file a charge of race discrimination with the EEOC within 180 days of the occurrence of an allegedly unlawful employment practice. *Burgh v. Borough Council of Montrose*, 251 F.3d 465, 469 (3d Cir. 2001). Within ten days, the EEOC must serve notice of the charge on the plaintiff's employer. 42 U.S.C. § 2000e-5(e)(1). Where, as here, the plaintiff also files a complaint with a parallel state agency, "the period for filing the charge with the EEOC is extended to 300 days from the date of the alleged unlawful employment practice." *Burgh*, 251 F.3d at 470 (citing 42 U.S.C. § 2000e-5(e)(1)).

The plaintiff must allow the EEOC at least 180 days to investigate the charge before filing suit. *Id.* (citing 42 U.S.C. § 2000e-5(f)(1); *Occidental Life Ins. Co. v. EEOC*, 432 U.S. 355, 361 (1977) (holding that a private right of action does not arise until 180 days after a charge has been filed)). The plaintiff is entitled to sue at the close of the 180-day period "regardless of

*Burke-Ventura v. Vitelco, et al.*
Civil No. 2006-141
Memorandum Opinion
Page 6

the pendency of EEOC proceedings." *Waiters v. Parsons*, 729 F.2d 233, 237 (3d Cir. 1984).

If the EEOC decides to take no action on the charge, it will state as much in a "right-to-sue" letter issued to the plaintiff. *Burgh*, 251 F.3d at 470; *Waiters*, 729 F.2d at 237.  If the EEOC does not issue such a letter at the end of 180 days, the plaintiff may request one, which the EEOC then must promptly issue. *Burgh*, 251 F.3d at 470 (citing 29 C.F.R. § 1601.28(a)(1)).

"The receipt of the right-to-sue letter indicates that a complainant has exhausted administrative remedies, an essential element for bringing a claim in court under Title VII." *Id.* (citation omitted); *see also Ostapowicz v. Johnson Bronze Co.*, 541 F.2d 394, 398 (3d Cir. 1976)) ("The preliminary step of the filing of the EEOC charge and the receipt of the right to sue notification are 'essential parts of the statutory plan.'"). Indeed, a plaintiff "may not bring a Title VII suit without having first received a right-to-sue letter." *Burgh*, 251 F.3d at 470 (citations omitted); *see also Stampone v. Freeman Decorating Co.*, 196 Fed. Appx. 123, 126 (3d Cir. 2006) (unpublished) ("In the absence of a right-to-sue letter, a Title VII suit can be dismissed for failure to state a claim upon which relief may be granted." (citation omitted)).

*Burke-Ventura v. Vitelco, et al.*
Civil No. 2006-141
Memorandum Opinion
Page 7

In her complaint[6], Burke-Ventura alleges that she "has filed a complaint with the EEOC and the local Civil Rights Commission." (Am. Compl. ¶ 67.)  Nowhere, however, does Burke-Ventura allege that she has received a right-to-sue letter.  In her opposition to the Defendants' motion, Burke-Ventura acknowledges the absence of such an allegation. (*See* Pl.'s Opp'n Mot. Dismiss 3.)  In her view, however, although she filed a complaint with the EEOC in 2006, she did not receive her right-to-sue letter until February 2008.[7]

The Court of Appeals for the Third Circuit has explained that the "failure to obtain a right-to-sue letter . . . is curable at any point during the pendency of the action." *Anjelino v. New York Times Co.*, 200 F.3d 73, 96 (3d Cir. 1999) (citations omitted); *Parry v. Mohawk Motors of Michigan, Inc.*, 236 F.3d 299, 310 (6th Cir. 2000); *Pinkard v. Pullman-Standard*, 678 F.2d 1211, 1215 (5th Cir. 1982); *Henderson v. Eastern Freight Ways, Inc.*, 460 F.2d 258, 260 (4th Cir. 1972); *see also Gooding v. Warner-Lambert Co.*, 744 F.2d 354, 358 (3d Cir. 1984) (A right-to-sue letter "is not a 'jurisdictional' requirement in the

---

[6] Any reference to the complaint means the first amended complaint, unless otherwise indicated.

[7] Burke-Ventura has attached the right-to-sue letter to her opposition to the Defendants' motion.

*Burke-Ventura v. Vitelco, et al.*
Civil No. 2006-141
Memorandum Opinion
Page 8

constitutional sense, but rather a statutory requirement designed to give the administrative process an opportunity to proceed before a lawsuit is filed." (citations omitted)).

Indeed, under similar circumstances, the Third Circuit has held that the appropriate course for a district court to take is to allow a plaintiff who does not allege receipt of a right-to-sue letter an opportunity to amend her complaint. *See*, *e.g.*, *Gooding*, 744 F.2d at 358 ("[W]e believe that the district court abused its discretion in not giving plaintiff leave to amend her complaint [where she failed to allege the issuance of a right-to-sue letter]. . . . It is a sound and established policy that procedural technicalities should not be used to prevent Title VII claims from being decided on their merits." (citations omitted); *see also*, *e.g.*, *Phillips v. Sheraton Soc'y Hill*, 163 Fed. Appx. 93, 93-94 (3d Cir. 2005) (unpublished) ("We are troubled by the fact that Phillips was given no opportunity to amend the Complaint before the District Court . . . dismissed it [where the plaintiff] did not allege that he had received a right-to-sue letter."); *see also Alston v. Parker*, 363 F.3d 229, 235 (3d Cir. 2004) ("Even when a plaintiff does not seek leave to amend, if a complaint is vulnerable to 12(b)(6) dismissal, a District Court must permit a curative amendment unless an amendment would be inequitable or futile.").

*Burke-Ventura v. Vitelco, et al.*
Civil No. 2006-141
Memorandum Opinion
Page 9

## IV. CONCLUSION

For the reasons given above, the motion to dismiss will be denied without prejudice, and Burke-Ventura allowed an opportunity to amend her complaint. An appropriate order follows.

S\_____
**CURTIS V. GÓMEZ**
**Chief Judge**